Opinion issued June
9, 2011



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00313-CR,

NO.
01-11-00314-CR 

____________

 








DUSTIN RANGEL ARRIOZOLA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause Nos. 1129009 and 1129010

 

 



MEMORANDUM
OPINION








          Appellant,
Dustin Rangel Arriozola, pleaded guilty to two counts of aggravated assault of
a family member.  The trial court found
appellant guilty, and, in accordance with the terms of appellant’s plea
agreement with the State, sentenced appellant to 10 years’ confinement.  Appellant filed a pro se notice of appeal.  We dismiss the appeals. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certifications
are included in the records on appeal.  See id.  The trial court’s certifications state these
are plea bargain cases and that the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).  Appellant did not appeal any pre-trial
matters, and the trial court did not give permission for appellant to appeal. The
records support the trial court’s certifications.  See
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Because appellant has no right of appeal, we
must dismiss the appeals.  See Chavez v. State, 183 S.W.3d 675, 680
(Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by
Rule 25.2(a)(2), must dismiss a prohibited appeal without further action,
regardless of the basis for the appeal.”). 

Accordingly, we dismiss the appeals
for want of jurisdiction.  We dismiss any
pending motions as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices
Sharp and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).